IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WALTER BROWN, JR.,

    Plaintiff,

  v.

SUE SUMMERSET, et al.,

    Defendants.
_____/

No. C 09-04764 SBA (PR)

**ORDER OF DISMISSAL**

    Plaintiff is incarcerated at Ironwood State Prison in Blythe, California. He filed the instant products liability action against Defendants California Department of Corrections Menu Coordinator Sue Summerset, Kellog, Austin Quality Foods, Peanut Corporation of America, King Nut, ABC Ventures, LA Foods, and "Does 1 to 20." The complaint alleges that Defendant Summerset and the aforementioned corporations are liable for producing and manufacturing allegedly "spoiled food." The Court previously granted Plaintiff's motion for leave to proceed in forma pauperis.

    "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The court is presumed to lack jurisdiction unless the contrary appears affirmatively from the record. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case. See S. Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

    The complaint must demonstrate that the district court has either federal question or diversity jurisdiction. The diversity jurisdiction statute confers jurisdiction in cases where the parties are citizens of different states and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The diversity statute is strictly construed, and any doubts are resolved against finding jurisdiction.

1 Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983).  Because the citizenship of
2 the parties is a jurisdictional fact in diversity actions, the burden is on the plaintiff -- the party
3 invoking federal jurisdiction -- to plead and prove such facts.  Bautista v. Pan American World
4 Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987).

5       Plaintiff alleges that this Court has jurisdiction based solely on diversity.  (Compl. at 2.)  He
6 seeks damages above the jurisdictional minimum and claims that the parties are citizens of different
7 states.  (Id.)  However, he misconstrues the requirements of § 1332.  The Supreme Court has held
8 that the § 1332 provision "between . . . citizens of different States" requires complete diversity
9 between all plaintiffs and all defendants.  Lincoln Property Co. v. Roche, 546 U.S. 81, 89 (2005).  In
10 other words, no plaintiff may be a citizen of the same state as any defendant.  See id.  Based on the
11 record before the Court, Defendant Summerset is a California citizen; Plaintiff is as well.  The
12 burden is on Plaintiff to plead and prove otherwise.  Bautista, 828 F.2d at 552.  In the absence of
13 such proof, diversity jurisdiction does not exist.

14       In addition, there is no federal question jurisdiction here.  See 28 U.S.C. § 1332.  Plaintiff
15 has only pled negligence, breach of warranty, strict liability and intentional infliction of emotional
16 distress, all of which are state law causes of action.  (Compl. at 2-6.)

17       In light of the foregoing, this action is hereby DISMISSED without prejudice to Plaintiff re-
18 filing his claims in state court.  The Court has rendered its final decision on this matter; therefore,
19 this Order TERMINATES Plaintiff's case.  The Clerk of the Court shall terminate all pending
20 motions as moot, including Plaintiff's Motion for Change of Venue (docket no. 4), and close the file.
21       This Order terminates Docket no. 4.
22       IT IS SO ORDERED.

23
24 DATED: 8/9/10                                      SAUNDRA BROWN ARMSTRONG
United States District Judge

25
26
27
28

G:\PRO-SE\SBA\CR.09\Brown4764.dismiss(diversity).wpd

United States District Court
For the Northern District of California

-2-

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3

4  WALTER BROWN JR. et al,                          Case Number: CV09-04764 SBA

5           Plaintiff,                              **CERTIFICATE OF SERVICE**

6     v.

7  SUE SUMMERSET et al,

8           Defendant.
                                        /

9
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
10 Court, Northern District of California.

11 That on August 9, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12 envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
   located in the Clerk's office.

13

14

15 Walter Brown P-76331
   Ironwood State Prison
16 P.O. Box 2199
   Blyth, CA 92226

17
   Dated: August 9, 2010
18                                                  Richard W. Wieking, Clerk
                                                    By: LISA R CLARK, Deputy Clerk
19

20

21

22

23

24

25

26

27

28
   G:\PRO-SE\SBA\CR.09\Brown4764.dismiss(diversity).wpd